ALGERNON S. SULLIVAN, PUBLIC ADMINISTRATOR, ETC., APPELLANT, v. CONCEPCION HERRERA AND OTHERS, RESPONDENTS.

*Public administrator New York city — Interest upon deposits made by him — who entitled to.*

Where funds are deposited by the public administrator to the credit of himself and the comptroller of the city of New York, as required by law, the interest allowed on such moneys by the bank in which they are deposited belongs to the next of kin, on the distribution of the estate, and not to the city. But after the settlement of the administrator's account, and the payment of the

balance remaining in his hands into the city treasury, to be there preserved awaiting an application for it by its lawful but undiscovered owner, no interest on such balance is chargeable against the city.

APPEAL from the decree of the surrogate of the county of New York, made upon the final settlement of the accounts of the public administrator.

*Algernon S. Sullivan,* in person.

*Charles H. Tweed,* for Herrera and others.

*F. R. Coudert,* for infant respondents.

DANIELS, J.:

The public administrator received $32,288.48 belonging to the estate of the intestate. It was deposited, as the law required it to be, to the joint credit of himself and the comptroller of the city of New York; and while it remained on deposit interest was allowed upon it by the bank having the use of it to the amount of $2,774.23. That interest, the surrogate held, should be paid over to the next of kin on the distribution of the estate, and to that extent alone the public administrator denies the correctness of the decree. He does not claim the interest, or any part of it, as an emolument for his own services, but it is asserted that it is the property of the city designed to indemnify it for the trouble, responsibility and expenses incurred in the protection, care and management of the estate of the intestate. No express authority, either statutory or otherwise, has been cited in support of this position, but an effort has been made to derive it constructively from certain provisions contained in the statutes concerning the public administration of the estates of intestates in the city of New York. Before that position can be sustained, it ought to appear with reasonable clearness, that such was the probable intention of the legislature. Without that the rule of the common law should control the case which adds to the principal the incidental increase produced by it. Under the operation of that principle all the earnings of property held in trust, or by one person for the benefit of another, becomes part of the estate of the beneficiary. It was formerly so strict and rigid that it denied to the person holding and managing the estate all compensation for his

services not provided for by the instrument under which he acted, or some other express authority of a conventional nature entitling him to remuneration (*Manning* v. *Manning*, 1 Johns. Ch., 527), and at the same time charged him with all that he received by means of the property confided to his care and management (*Osgood* v. *Franklin*, 2 id., 127; 2 Story's Eq. Jur. [9th ed.], §§ 126, 127; *Docker* v. *Somes*, 2 Milne & Keene, 655), even though it might be the gain produced by usurious premiums, received by virtue of unlawful loans of the fund belonging to the trust estate. (*Barney* v. *Saunders*, 16 How. [U. S.], 535, 543.)

The severity of this principle of the common law has been so far relieved that now, by statute, executors, administrators, guardians and trustees are allowed certain commissions upon their receipts and disbursements by way of compensating them for their services; and a provision of that nature has, for many years, existed in favor of the public administrator of the city of New York. (3 R. S. [5th ed.], 206, § 3.) By that he is allowed to retain certain commissions which are to be paid by him into the treasury of the city, and his services are remunerated by a fixed salary. But this provision has not conferred the power upon him to retain any thing beyond the commissions mentioned in the statute; and for that reason it fails to sustain the claim now made by him, on behalf of the city, to the accrued interest.

The statute has also directed that the public administrator shall deposit all money received and collected by him, within two days after its receipt, in a bank designated by the common council, to the joint credit of himself and the comptroller, except that he may retain such as may be necessary to pay the current expenses of legal proceedings, and then only on the allowance of the surrogate, to an amount not exceeding twenty dollars; and the moneys so deposited can only be drawn out on the joint check of the administrator and the comptroller. (Id., 213, §§ 36, 37.)

This latter restriction is supposed to indicate the propriety of the position maintained in this case by the public administrator. But as to that he cannot be sustained, for the provision made for drawing out of the bank the moneys so deposited contains nothing which, upon any proper construction, would deprive the next of kin of their right to the accrued interest. It does not, by any col

orable implication, declare that with the moneys so deposited the interest shall not be drawn out; and that, at least, would be necessary for the purpose of sanctioning such a result. A provision of that nature would be an innovation upon the rights secured to the owners of the fund by the common law, and its enactment should appear to have been intended before it can reasonably be assumed.

Upon the settlement of his accounts the public administrator is further required to pay any moneys in his hands into the treasury of the city of New York, and to transfer and deliver to the corporation of the city all public stocks, and all stock in any incorporated company, belonging to the estate of the deceased. (Id., 213, § 35, sub. 14.) And for that the corporation has been declared to be answerable, but not for interest on the moneys nor dividends on the stocks. (Id., 214, § 43.) If the other provisions had been designed to entitle the administrator or the city to the interest there would have been no need of this enactment. And the fact that it was considered necessary to relieve the city from the obligation to pay interest while the money remained in its treasury, indicates the existence of the legislative understanding that no preceding provision of the statute could be attended with that result. After such a receipt of it, the interest was intended to be the compensation for its care and preservation; and by providing that to that extent the owners of the fund should be deprived of the interest upon it, the legislature indicated it to be its intention, that before such payment no such sequestration of the interest should be made. This provision renders it evident that it was supposed that positive legislation was required to prevent the interest from being added to the principal and claimed by the owners of the fund, and to that extent alone it was deemed just for it to intervene. The expression of that purpose was a practical denial of it under all other circumstances.

The right of the next of kin to the interest earned and received by the fund does not depend upon the existence of a statute declaring it, and for that reason it is not important that the statute defining the liability, in that respect, of other administrators has not been applied to the public administrator of the city of New York. It is maintained by the principles of the common law and it can only be defeated by legislation having that object. *Until*

that has been enacted, the right to the interest accruing on the fund will accompany that to the principal producing it. No provision of that nature has been embodied in the statutes of this State, except that relating to the interest after the settlement of the public administrator's accounts and the payment of the balance remaining in his hands into the city treasury; while the fund is there preserved, awaiting the application for it of its lawful but undiscovered owner, the interest has been given to the city. But as no such disposition has been made of it previous to the time of such payment, the interest previously accruing will, therefore, follow the principal and form the proper subject of distribution to the next of kin. It becomes a part of the fund on deposit, and may be lawfully drawn and paid over in the mode mentioned in the statute.

The decree in this case was right and it should be affirmed; but as the appeal has been taken in entire good faith to settle a point previously conceded in other cases in favor of the right claimed by the city, it should be without costs.

Davis, P. J., and Brady, J., concurred.

Decree affirmed, without costs.